# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. LEONARD, | : |
|     Plaintiff, | :   Case No. 2:15-cv-2903 |
| v. | :   JUDGE ALGENON L. MARBLEY |
| UNITED STATES OF AMERICA, | : |
|     Defendant. | : |

## OPINION & ORDER

This matter comes before the Court on Defendant United States of America's Motion *in Limine* to Preclude Evidence or Testimony of Adjudication and Award of VA Disability Benefits to Plaintiff. The Court issued an oral decision on the motion at the Friday, December 1, 2017 final pretrial conference, but sets forth its reasoning more fully here. For the reasons that follow, the Court **DENIES** the motion *in limine*.

### I. BACKGROUND

Prior to filing this lawsuit, Plaintiff submitted a claim for disability benefits under 31 U.S.C. § 1151 related to the amputation of his right leg. During the process of determining if Plaintiff qualified for benefits, the VA arranged for a medical opinion. (ECF No. 43 at 4). The opinion concluded that the amputation was caused by or as a result of negligence on the part of the VA medical center in Chillicothe where Plaintiff had been a patient. (ECF No. 43 at 4). The VA issued a Rating Decision granting Plaintiff's claim and awarding benefits. (ECF No. 43 at 4-5).

On November 6, 2017, the Government filed a motion *in limine* in the instant proceeding to exclude from evidence any documents or testimony relating to the adjudication and award of VA disability benefits to Plaintiff. (ECF No. 43).

## II. LEGAL STANDARDS

### A. Motions *in Limine*

"A court should exclude evidence on a motion in *limine* only when that evidence is determined to be clearly inadmissible on all potential grounds." *Delay v. Rosenthal Collins Grp., LLC*, No. 2:07-CV-568, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012). "When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Id.* "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Morrison v. Stephenson*, No. 2:06-CV-283, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008) ("Courts . . . are generally reluctant to grant broad exclusions of evidence *in limine,* because "a court is almost always better situated during the actual trial to assess the value and utility of evidence."). "Whether or not to grant a motion in limine falls within the sound discretion of the trial court." *Delay*, 2012 WL 5878873, at *2.

### B. Federal Rules of Evidence 401, 402, and 403

Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant, and therefore generally admissible, so long as it "has any tendency to make a fact more or less probable," and so long as "the fact is of consequence in determining the action." Fed. R. Evid. 401. "The standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence."

*Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (internal citation omitted). "[A] piece of evidence does not need to carry a party's evidentiary burden in order to be relevant." *Id.* at 401. Additionally, evidence can be relevant even if it does not relate to a fact in dispute, provided the evidence supplies background information about a party or issue. *See* Advisory Committee Notes to 1972 Proposed Rules ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.").

Assuming evidence is relevant, Rule 403 nonetheless grants trial courts discretion to exclude that evidence "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 has no application where the court sits as both trier of fact and law." *See Miller v. City of Cincinnati*, 709 F. Supp. 2d 605, 620 (S.D. Ohio 2008), *aff'd*, 622 F.3d 524 (6th Cir. 2010) (internal citations omitted). "In the context of a bench trial, the application of the unfair prejudice portion of Rule 403 has been seen as an unnecessary and useless procedure." *Id.* (internal citations omitted).

### III. ANALYSIS

#### A. Federal Rules of Evidence 401 and 402

The Government contends that any evidence related to the VA disability determination is not relevant because of the different liability standards and procedures under 31 U.S.C § 1151 and the Federal Tort Claims Act ("FTCA"). The Government argues that the VA disability process is non-adversarial and claimant-friendly and gives no opportunity to cross-examine doctors. (ECF No. 43 at 6-7). The Government additionally notes that the medical opinion used in the VA disability determination is based on inaccurate medical history. (ECF No. 43 at 8).

These arguments, however, all go to the weight of the evidence, not the admissibility. Given the extremely liberal standard for relevance, it is hard to say that there is no possibility that any evidence relating to the VA disability determination will move the ball forward even slightly. Rather than exclude the entire category of evidence relating to the VA disability determination, the Court will make specific admissibility determinations at trial. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). If Plaintiff attempts to introduce specific evidence or testimony related to the adjudication of VA benefits that the Court finds to be irrelevant, the Court will so rule during trial.

The two cases that the Government relies on to argue that the VA evidence is not relevant are *Butler v. United States*, 702 F.3d 749 (4th Cir. 2012) and *Littlejohn v. United States*, 321 F.3d 915 (9th Cir. 2003). These cases hold only that prior award of disability benefits by the VA administration do not bar litigation of liability issues under the doctrines of claim preclusion or issue preclusion. In *Butler*, for example, the plaintiff-veteran moved for judgment on the pleadings contending that the VA's Rating Decision granting her benefits was binding on the district court and conclusively established negligence on behalf of the Government. 702 F.3d at 752. The Fourth Circuit rejected her argument noting the different purposes, procedures, and burdens under 31 U.S.C. § 1151 and held that VA Rating Decisions do not have preclusive effect. *Id.* at 754-55. Nowhere in the *Butler* opinion is there any discussion of whether the Rating Decision is relevant in the first place. Thus, these cases do not change the Court's view that evidence related to the VA benefits determination can be relevant.

### B.  Federal Rule of Evidence 403

To the extent the Government is arguing that the evidence related to the VA disability determination fails Rule 403's balancing test, any concerns of unfair prejudice or confusion of

the issues is mitigated here because this is a bench trial. *See Miller v. City of Cincinnati*, 709 F. Supp. 2d 605, 620 (S.D. Ohio 2008), *aff'd*, 622 F.3d 524 (6th Cir. 2010) (internal citations omitted). The Court acknowledges the line of cases holding that agency findings should not be admitted into evidence for fear that they would confuse or mislead the jury. *See, e.g.*, *Chavez v. Waterford Sch. Dist.*, No. 09-12336, 2011 WL 887784, at *3 (E.D. Mich. Mar. 14, 2011) (granting defendant's motion to exclude plaintiff's SSA disability benefits determinations in ADA case because "the issue for the jury to determine is whether Plaintiff is a qualified individual with a disability" and "this issue is so pivotal to the outcome of trial, any other determination stating that Plaintiff is, or is not 'disabled,' based on a different standard, would only serve to confuse and mislead the jury"); *Orber v. Jain*, No. 10-1674, 2012 WL 1565299, at *3 (D.N.J. May 2, 2012) (holding SSA's disability determination was not admissible because its introduction "could cause the jury, despite the questionable utility of the Disability Determination with respect to causation, to inappropriately give weight, based on the fact that the SSA is a government agency, to its conclusions that the knee replacement was a 'failure' and that [Plaintiff's] disability was, at least in part, the result of the surgery[,]. . . [an issue that is] hotly contested in this litigation"); *Lang v. Kohl's Food Stores, Inc.*, 217 F.3d 919, 927 (7th Cir. 2000) (Noting in a discrimination case that "[d]oubtless there was a risk that the jury would overestimate the significance of the EEOC's ruling; this is why such conclusions generally are not admitted (on behalf of either side) in jury trials.").

The concern about confusing the jury or the fear that a jury may give agency findings inappropriate weight are not present in the instant proceeding, given that it is a bench trial. The Court understands the difference between the standards applied in VA benefit hearings and the standards applied in adversarial FTCA cases and will not give undue weight to evidence

regarding the VA benefit hearings. The Court will hear all of the evidence and weigh it appropriately.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion *in Limine* to Preclude Evidence or Testimony of Adjudication and Award of VA Disability Benefits to Plaintiff.

**IT IS SO ORDERED.**

                                              s/ Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED: December 4, 2017**